By the Court.
This was an action brought to recover damages for an occupational disease known as lead poisoning. That diseases of this character were not heretofore compensable under the workmen’s compensation law has .been held in the following cases: Industrial Commission v. Brown, 92 Ohio St., 309; Industrial Commission v. Both, 98 Ohio St., *540 34, and Industrial Commission v. Cross, 104 Ohio St., 561.
Under the state of the law as it existed when above cases were decided, this court held that occupational diseases were not comprehended within the term “injuries” employed in the constitution and laws of the state. In the determination of this case we must necessarily take it upon the state of the pleadings existing when the various motions to strike therefrom were sustained by the court, since they were substantially equivalent to a decision upon a general demurrer. For the purpose of this case therefore we have the allegation that the defendant below had complied with all the requirements of the workmen’s compensation law, as alleged in the answer.
The plaintiff below rested his right to recover upon the common law and also upon the violation of the statute and ordinance set forth in the petition. Whether a cause of action existed under the common law for disease resulting from occupation it is not necessary to decide, although the approved quotation on page 316 of Industrial Commission v. Brown, supra, would seem to deny a recovery at common law for diseases of that character. The question before us may be solved, in our opinion, by a construction of the provisions of our own constitution and laws as applicable to occupational disease cases. An examination of the organic and state law discloses that whatever right of action theretofore existed, if any existed, either at common law or under the statutes, for damages resulting from occupational. diseases, after passage of the workmen’s compensation law employers who had complied *541 therewith were exempt from liability therefor. Section 35, Article II of the Constitution as amended in 1912, authorized compulsory contribution by employers, and committed to the general assembly plenary power to pass laws providing for compensation “for death, injuries or occupational disease, occasioned in the course of such workmen’s employment.” The same section gave the general assembly power to take away “any or all rights of action or defenses from employes and employers,” except when the injury, disease or death arose from failure to comply with any lawful requirement. This last clause, when considered in connection with the context of the entire section, can only mean that in the event laws are passed making occupational diseases compensable the legislature may not take away the right to bring an action grounded upon failure to comply with a lawful requirement.
In its scheme of compensatory legislation, and acting within its constitutional power, that of taking away rights of action, the legislature did pass a comprehensive law granting to those employers complying with the workmen’s compensation law complete immunity for any “injury or death” occurring during the period covered by the premium paid. Section 1465-70, General Code, provides that such employer “shall not be liable to respond in damages at common law or by statute, save as hereinafter provided, for injury or death of any employe, wherever occurring.” This statute is sufficiently broad to comprehend injuries or death from any cause, wherever occurring, whether occasioned by occupational disease or otherwise. Having therefore provided for non-liability for damages, either *542 at common law or by statute, it only remains to be seen whether the legislature has “hereinafter provided” for an action for damages by reason of occupational diseases against an employer who has complied with all the requirements of the workmen’s compensation law.
. A careful examination of the workmen’s compensation law fails to disclose such authority. The only cause of action given to an employe against such employer is that found in Section 1465-76, General Code.- This authority covers only personal injuries, or death resulting from such personal injuries, occasioned in the course of employment, and under this section it is only where the employe has suffered such injury, or where death results from such injury, that he is authorized to sue for damages grounded on the commission of a wilful act or failure to comply with a lawful requirement. It has been held in Industrial Commission v. Cross, supra, that “injuries” do not comprehend occupational diseases. The only cause of action given to the employe under Section 1465-76, General Code, is such as arises from injuries or death resulting therefrom; none is given for injury or death occasioned by occupational disease. In that class of cases, under the comprehensive provisions of Section 1465-70, General Code, the employer is not liable to respond in damages at common law or by statute. For some reason the legislature carefully omitted to create a liability'for occupational diseases, on the one hand, or to provide for the bringing of suit therefor, on the other, until it passed the occupational disease act, Section 1465-68®, General Code (109 O. L., 183), in April, 1921. At the same time it amended Sec *543 tion 6330-1, General Code, entailing the duty upon the employer to provide devices and methods prescribed by the industrial commission to prevent the contraction of disease incident to the work in which such employes ar-e engaged.
That the employer was not liable for occupational disease generally, or for all occupational diseases, undoubtedly was recognized by the general assembly, for in its scheme of legislation, in 1921, it included only fifteen specific occupational diseases (109 O. L., 183) which it considered compensable, lead poisoning being one of them. To the argument that the disease was an accident, or caused by neglect, it is sufficient to say that the petition alleges that the disease developed during the eighteen months of continuous employment and falls within the definition of occupational disease announced in Industrial Commission v. Roth, supra.
The general assembly evidently recognized its authority to compensate employes for occupational diseases arising in the course of employment, but until the year 1921 failed or refused to provide compensation therefor, although in the meantime it had relieved employers generally for injuries or death resulting from employment.
The judgment of the court of appeals is affirmed.

Judgment affirmed'.

Robinson, Jones, Matthias and Clark, JJ., concur.
Wanamaker, J., dissents.